UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| DONALD SHANE ROBINSON, JR., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | No.: | 2:21-CV-196-DCLC-CRW |
| JEFF CASSIDY, | ) | | |
| SULLIVAN COUNTY SHERIFF'S | ) | | |
| OFFICE, and | ) | | |
| CHRISTOPHER GOOD, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM AND ORDER

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 1], and his motion for leave to proceed *in forma pauperis* in this action [Doc. 4].

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, his motion to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**.

Because Plaintiff is an inmate in the Sullivan County Detention Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Greeneville, Tennessee 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will be **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING

### A. PLAINTIFF'S ALLEGATIONS

In the early morning hours of November 15, 2021, Plaintiff and another inmate got into a fight in their cell block [Doc. 1 p. 3-4]. Officers removed the inmates from the cell block and took them for a medical evaluation [*Id*. at 4]. Officers transported the other inmate back to the cell block, and Officer Christopher Good advised Plaintiff that he was going to be placed in segregation [*Id*.]. Plaintiff argued with Officer Good and turned to walk back to his cell block when Officer Good tackled Plaintiff from behind and attempted to handcuff him [*Id*.]. Three other officers came to assist Officer Good [*Id.*]. Once Plaintiff was restrained, Officer Good allegedly began striking Plaintiff with a closed fist in Plaintiff's face, chest, and ribs [*Id*.]. The other officers intervened and led Plaintiff away from Officer Good [*Id*. at 4-5]. After allowing Plaintiff a moment to rest, the officers had Plaintiff reevaluated by medical staff and placed him in "Max 4" instead of segregation [*Id*. at 5].

Plaintiff alleges physical and mental trauma as a result of the incident, and he maintains that he now feels vulnerable and afraid for his life [*Id*. at 5]. He filed the instant action against the Sullivan County Sheriff's Office, Sheriff Jeff Cassidy, and Officer Christopher Good asking the Court for "retribution and compensation" [*Id*. at 6].

### B. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

C. **ANALYSIS**

### 1. Sullivan County Sheriff's Office

Although Plaintiff has named the Sullivan County Sheriff's Office as a Defendant, an office is not an entity subject to liability under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983.") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Therefore, the Sullivan County Sheriff's Office will be **DISMISSED** as a Defendant.

### 2. Jeff Cassidy

Plaintiff's complaint contains no allegations of wrongdoing by Sheriff Jeff Cassidy, and therefore, Plaintiff has not stated a claim against him. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Moreover, Plaintiff cannot Sheriff Cassidy liable in this action merely based on his position of authority, as a court may not impose liability under § 1983 based on a failure to act and/or a theory of *respondeat superior*. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, Defendant Jeff Cassidy will be **DISMISSED**.

### 3. Christopher Good

Plaintiff maintains that Officer Christopher Good repeatedly struck him with a closed fist *after* Plaintiff was restrained. The Court finds these allegations to state a plausible claim of excessive force against Officer Good, and this claim will **PROCEED**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff's excessive force claim against Defendant Christopher Good shall **PROCEED**;

6. The Clerk is hereby **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Good;

7. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within thirty (30) days of entry of this Memorandum and Order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

8. Plaintiff is **NOTIFIED** that failure to return the completed service packet within the time required will result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

9. Defendant Good shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

10. All remaining Defendants are **DISMISSED**; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge