# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| DONALD SHANE ROBINSON, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 2:21-CV-196-DCLC-CRW |
| CHRISTOPHER GOOD, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On May 4, 2022, this Court entered an Order providing Plaintiff fourteen (14) days within which to show cause why it should not dismiss this action for failure to timely and properly serve the sole Defendant, Christopher Good, despite reasonable efforts [Doc. 12, citing Fed. R. Civ. P 4(m)]. The Order cautioned Plaintiff that failure to timely respond would result in the dismissal of this action for failure to prosecute and comply with an Order of the Court [*Id*., citing Fed. R. Civ. P. 41(b)].

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less

> drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous Order is due to Plaintiff's willfulness and/or fault. Specifically, the Court's Order was returned as undeliverable on May 13, 2022, with a notation that Plaintiff is no longer housed at the address listed on the docket [Doc. 13], and Plaintiff has not updated his address with the Court. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's Order has not prejudiced Defendant, as he has not appeared in this action. As to the third factor, the Court warned Plaintiff that if he failed to timely comply with its Order, or if he failed to update his address within fourteen (14) days of any change of address, the Court would order the case dismissed for want of prosecution [Docs. 3, 5, 12]. As to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff is indigent. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

2

Case 2:21-cv-00196-DCLC-CRW   Document 14   Filed 05/27/22   Page 2 of 3   PageID #: 54

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge
